UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DANIEL VILLARREAL, JR. )
   Plaintiff, )
)
vs. )   Case No. 21- 4213
)
LOUIS GLOSSIP, et. al., )
   Defendants )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

    This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    Plaintiff, a *pro se* prisoner, claims Defendants Louis Glossip, Officer Sara Zaehringer, and Nurse Megan Morse violated his constitutional rights at the Knox County Jail. Plaintiff says on November 27, 2021, Defendant Officer Zaehringer gave him the wrong medication. Plaintiff noticed it looked different and asked whether it was his. The Defendant responded: "that was what was in your thing." (Comp., p. 5). Plaintiff says he was instructed to take it, so he did.

    Plaintiff says he began to feel dizzy, disoriented, and his speech was slurred. The next morning, Plaintiff noted his joints and back were hurting. Plaintiff submitted a

1

request for medical and saw an unspecified nurse on November 29, 2021. Plaintiff was informed he should not have taken the medication. Plaintiff does not allege he suffered any lasting injuries or that medical staff discussed any resulting medical issues.

The Court first notes Plaintiff has not mentioned Defendant Glossip or Nurse Morse in his complaint. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption). In addition, Plaintiff cannot name the Jail Administrator as a Defendant simply because he is a supervisor. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)(supervisors are not liable for the errors of their subordinates).

Plaintiff also does not clarify if he was a pretrial detainee or a convicted prisoner at the time of his allegation, but for the purposes of merit review, the Court will assume Plaintiff was a pretrial detainee and his claims are pursuant to the Fourteenth Amendment. *See Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019). To state a constitutional violation, the Plaintiffs must allege (1) the medical condition was objectively serious; (2) "the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable…" *Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019).

"Alleged negligence or gross negligence on the part of the officer does not suffice." *Wilson v. Cook County, Illinois*, 2020 WL 5642945, at *2 (N.D.Ill. Sept. 22, 2020), *citing Miranda v. Cty. of Lake*, 900 F.3d 335, 353-540 (7th Cir. 2018).

Plaintiff does not allege Defendant Officer Zaehringer intended for Plaintiff to take the wrong medication. Instead, the non-medical staff member told Plaintiff it was the medication which he was provided for Plaintiff.

It is doubtful Plaintiff could demonstrate taking the wrong medication on one occasion rises to the level of a serious medical condition based on the claims in his complaint. Plaintiff alleges temporary symptoms involving dizziness, confusion, and joint pain. Plaintiff provides no information concerning what medication he took or what medication was prescribed for him. *See Shanklin v. St. Clair County Jail*, 2018 WL 839615, at *2 (S.D.Ill. Feb. 13, 2018)(complaint failed to provide factual basis for a serious medical need or condition based on wrong medication); *Morrison v. Utz*, 2012 WL 293548, at *2 (C.D.Ill. Jan. 31, 2012)("the temporary symptoms experienced by Plaintiff—intestinal problems, a headache, and heart fluttering—do not plausibly suggest that the mistaken medicine placed Plaintiff at a substantial risk of serious harm.").

Regardless, Plaintiff's allegation that Defendant Officer Zaehringer mistakenly provided Plaintiff with the wrong medication on one occasion alleges negligence, not a constitutional violation. *See Collier v. Maassen*, 2019 WL 1229998, at *2 (W.D.Wis March 15, 2019)(one time mistake in dispensing wrong medication suggests negligence);

*Morrison*, 2012 WL 293548, at *2 (at most, plaintiff's allegation he was given wrong medication on one occasion is a claim of negligence); *Kirkwood v. Sirin*, 2006 WL 587698, at *3 (E.D.Wis. March 9, 2006)(claim that inmate was given the wrong pill on one day making him feel "drunk" and experiencing an elevated heart rate alleges nothing more than negligence); *Ingram v. Brewer,* Slip Copy, 2009 WL 464491 at * 2 (E.D.Cal) (inmate's claim prison employee injected him with wrong medication states a negligence claim).

Therefore, Plaintiff's case is dismissed for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A.  This case is closed. All pending motions are denied as moot. (Mot. Atty., [4]).

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 12th day of April, 2022.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
